JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEARBORN GOLDEN INVESTMENTS, LLC

## DEFENDANTS

UPPERCUT BROS, LLC, ABBAS BAZZY, an Ind., RY LANDSCAPING LLC, RANDY YOUHAN, an Ind.

**(b)** County of Residence of First Listed Plaintiff  **Wayne**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ALEXANDER V. LYZOHUB (P34422) 14700 Farmington Rd., Ste 101, Livonia, MI 48154, (734) 427 5555, lyzohubsecretary@yahoo.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☒ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 USC Section 811, 21 USC Section 812(d)(1), 18 USC Section 1961 et. seq.
Brief description of cause:
Abate Illegal nuisance, and RICO case.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$75,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
11/23/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN GOLDEN INVESTMENTS, LLC,
A Michigan Limited Liability Company,

Plaintiff,

V.

Case No. 20
Hon.

UPPERCUT BROS, LLC, A Michigan Limited Company,
ABBAS BAZZY, an Individual, RY LANDSCAPING LLC,
a Michigan Limited Liability Company,
and RANDY YOUHAN, an Individual,
jointly and severally,

Defendants.

**COMPLAINT &
JURY DEMAND**

ALEXANDER V. LYZOHUB (P34422)
Attorney for Plaintiff
14700 Farmington Rd., Ste 101
Livonia, MI 48154
(734) 427-5555
lyzohubsecretary@yahoo.com

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES, plaintiff, DEARBORN GOLDEN INVESTMENTS, LLC, by and

through its attorney, ALEXANDER V. LYZOHUB, and for its Complaint against the above-

named defendants states as follows:

### JURISDICTION AND VENUE

1.  This is a civil action by plaintiff against defendants to abate a nuisance, and for damages,

    due to defendants' illegal criminal enterprise of manufacturing marijuana business, which

    is conducted contrary to the laws of the United States, including 21 USC Section 811,

    and 21 USC Section 812(d)(l). The defendants are Uppercut Bros, LLC, Abbas Bazzy,

RY LANDSCAPING LLC, A Michigan Limited Liability Company and Randy Youhan, jointly and severally. The complained of conduct is performed by defendants upon plaintiff's real property located at 6650 Chase Road, and 6550 Chase Road; City of Dearborn, Wayne County, State of Michigan.

2. This is also a civil action by plaintiff against defendants under Title IX of the Organized Crime Control Act of 1970, 18 USC section 1961 et. seq., entitled "Racketeer Influenced and Com1pt Organization" (RICO). The RICO case complains of defendants' illegal criminal enterprise of marijuana manufacturing business conducted upon plaintiff's real property located at 6650 Chase Road, and 6550 Chase Road, City of Dearborn, Wayne County, Michigan. Plaintiff seeks general injunctive relief equity powers based on pendant claims [*USACO Coal Company v Carpomin Energy, Inc.*, 539 F. Supp. 807 (WD KY), affirmed, 689 F2d 94 (6th Cir 1982)], and for civil penalty damages, treble damages, costs, and attorney's fees.

3. Plaintiff, DGI, LLC ("DGI"), is a duly organized and operating Michigan Limited Liability Company and the real property owner and landlord of 6650 Chase Road ("premises"), City of Dearborn, County of Wayne, State of Michigan and 6550 Chase Road, City of Dearborn, County of Wayne, State of Michigan, collectively herein as the premises ("premises"). The metes and bounds legal description of the premises is attached hereto as Exhibits "A & B". 6650 Chase Road a 17,670 square foot warehouse. 6650 Chase Road has a 44,661.8 Square foot warehouse. Exhibit "C" - Dearborn Assessor's build-sheet sketch of the premises for 6650, and Exhibit "D" – Dearborn Assessor's build-sheet sketch of the premises for 6550 Chase Road.

4. This action is being brought by DGI's 30% member, Hassan Hammond, derivatively pursuant to MCL 450.4510, due to DGI's failure to abate the illegal business constituting a de facto rejection of demand, and because DGI is subject to irreparable harm from government forfeiture without compensation to DGI. 21 USC Section 881(7).

5. Defendant, Uppercut Bros, LLC ("Uppercut"), is a duly organized and operating Michigan Limited Liability Company, transacting its affairs in the City of Dearborn, County of Wayne, State of Michigan, and a tenant at the premises.

6. Defendant, Abbas Bazzy, is an individual transacting his affairs in the City of Dearborn, County of Wayne, State of Michigan, and is actively participating in, and the managing member, of co-defendant Uppercut.

7. Defendant, RY LANDSCAPING LLC ("RYL") is a duly organized and operating Michigan Limited Liability Company, transacting its affairs in the City of Dearborn, County of Wayne, State of Michigan, and a tenant at the premises.

8. Defendant, Randy Youhan, is an individual transacting his affairs in the City of Dearborn, County of Wayne, State of Michigan, and is actively participating in, and the managing member, of co-defendant RYL.

9. Venue lies in the United States District Court for the Eastern District of Michigan because all or a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in the County of Wayne, State of Michigan.

10. Divisional venue is in the Southen1 Division because all or a substantial part of the events leading to the claim for relief arose in the County of, Wayne, State of Michigan.

3

11. The amount in controversy is well in excess of $75,000 exclusive of costs, attonleys fees, and interest, there exists a federal question, two counts deal with RICO, and plaintiff seeks injunctive relief.

**FACTUAL ALLEGATIONS**

12. Plaintiff repeats herein paragraphs 1-8 as fully set forth herein.

13. Defendants owed duties to the public, and to plaintiff, as follows:

    a. To not violate the laws of the United States, State of Michigan, and City of Dearborn;

    b. To act in a legal, proper, reasonable, and good faith manner;

    c. To not perform any activities that could cause or create any nuisance at the premises,

    d. To not interfere with plaintiffs right to reasonable use and enjoyment of its land.

14. From February 1, 2020 thru present, defendants occupied the premises and have created, maintained, and conducted an illegal marijuana manufacturing business of a vast number of marijuana plants (plants) occupying the majority of the premises, and causing noxious odors to emanate from the premises. This business activity includes purchasing products from interstate commerce to conduct their business, planting the plants, growing the plants, cultivating and harvesting the plants repeatedly during the year, consuming enormous amounts of public utility electricity to light/heat/ventilate/cultivate the plants, consuming enormous amounts of public utility water, transacting and selling for monetary gain the marijuana products from the plants to third parties, conducting business with the use of banks/checks/financial institution systems which are regulated

4

under federal and state law, conducting business with the use of the United States mails, conducting business with the use of electronic communication devices, conducting business with the use of the Internet, and or conducting business with the use of interstate commerce roads; all violative of 18 USC Section 1962(c). ("illegal business").

15. Defendants have no legal authority to conduct a large-scale marijuana grow operation.

16. The City of Dearborn has not issued any licenses to the defendants, nor any person or entity for that matter, to conduct any large-scale marijuana grow business, and assuming it had the state authority, federal law would pre-empt any such attempt otherwise.

17. On February 14, 2019, all the members of plaintiff had a suspicion that the illegal business was being operated at certain of plaintiff's real properties, including 6650 Chase. Consequently, all members, Hussein (50%), Hassan (30%), and Mahmoud (20%), made a corporate mandate to prohibit such conduct: "DGI shall further terminate and evict the tenants of all units wherein the Parties determine that illegal activity may be taking please (sic ' place')." Settlement Agreement and Mutual Release, Page 3, Paragraph 5.

18. Plaintiff is entitled to its right to reasonable use and enjoyment of its land.

19. On or about March 13, 2020 Hassan Hammond gave written notice to DGI and all its members of the continued illegal business at the premises as a precondition to the derivative lawsuit.

20. No action was taken by DGI to abate the illegal business.

21. The illegal business activity is yet occurring at the premises.

22. Since DGI took no formal action to abate the illegal business activity at DGI real properties, pursuant to MCL 450.4510, Hassan Hammoud is derivatively proceeding in the name of DGI in the case at bar.

## COUNT I: ACTION TO ABATE NUISANCE

23. Plaintiff repeats herein paragraphs 1 - 21 as fully set forth herein.

24. Defendants' conduct was intentional to create and maintain the illegal business.

25. Defendants' illegal business constitutes an intentional and private nuisance upon plaintiff's land ("nuisance"). *McCraken v Redford Township*, 176 Mich App 365 (1989); and *Atkins v Thomas Sullivan Co.*, 440 Mich 292 (1992).

26. As a direct and proximate result of defendants' nuisance, plaintiff has been damaged and continues to be damaged in the following:

    a. Exposure to plaintiff, including, all its members, to criminal prosecution and civil liability by harboring a continuing criminal enterprise;

    b. Potential forfeiture of all plaintiff's real property involved in the continuing criminal enterprise;

    c. Restoration costs to the premises to return this real property to a rentable storage or warehouse facility;

    d. Diminution in value of plaintiff's real property;

    e. Loss of reasonable use and enjoyment of its real property;

    f. Loss of reasonable rent;

    g. Reasonable costs and attorney's fees so wrongfully suffered;

27. Such other damages that form naturally and consequentially from defendants' actions.

WHEREFORE, plaintiff prays that this Honorable Court:

A. GRANT preliminary and final injunctive relief ordering defendants to cease and desist in their illegal business and to abate this nuisance;

B. AWARD plaintiff all damages against defendants, jointly and severally, to which it is entitled;

C. ORDER all other legal or equitable relief to which plaintiff may be entitled under the circumstances, including costs, interest, and reasonable attorney's fees.

## COUNT II (RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT - RICO)

28. Plaintiff repeats herein paragraphs 1 - 27 as fully set forth herein.

29. Defendants, directly or indirectly, performed two or more of the following non-exclusive predicate acts in the conduct of their illegal business enterprise's affairs constituting a pattern of racketeering activity (racketeering activity):

   a. The repeated felonious growing, manufacture, selling, and or dealing of a controlled substance which is drug-related activity indictable and punishable under federal law, to-wit: marijuana, contrary to 21 USC Section 811, and 21 USC Section 812(d)(1).

   b. Repeatedly using interstate commerce to receive and pay their numerous bills by mail posing as a legitimate business constituting mail fraud. 18 USC Section 1341.

7

c.  Repeatedly using interstate commerce via cell phones and Internet to communicate with third parties posing as a legitimate business to conduct their illegal business, constituting wire fraud. 18 USC Section 1343.

d.  Repeatedly using the banking system to ostensibly appear as a legitimate business when, in fact, this is a fraudulent scheme to use, maintain, and further the illegal business criminal conduct enterprise with the use of bank accounts, deposits of money made from the illegal enterprise into bank accounts, pay bills with checks via the mail system, engaging in monetary transactions in property derived from the specific unlawful activity, and or engaging in illegal money transmitters. 18 USC Sections 1344, 1957, and 1960.

30. As a direct and proximate result of defendants' racketeering activity, plaintiff has suffered a loss and been damaged in the following non-exclusive manner:

a.  Exposure to plaintiff, including, all its members, to criminal prosecution and civil liability by harboring a continuing criminal enterprise;

b.  Potential forfeiture of all plaintiff's real property involved in the continuing criminal enterprise;

c.  Restoration costs to the premises to return this real property to a rentable storage or warehouse facility;

d.  Diminution in value of plaintiff's real property;

e.  Loss of reasonable use and enjoyment of its real property;

f.  Loss of reasonable rent;

g.  Reasonable costs and attorney's fees so wrongfully suffered;

h. Such other damages that form naturally and consequentially from defendants' actions.

31. Pursuant to 18 USC Section 1964(c), plaintiff is entitled to recover against defendants, jointly and severally, threefold damages sustained and the cost of this suit, including plaintiff's reasonable atton1eys fees.

WHEREFORE, plaintiff prays that this Honorable Court:

A. GRANT preliminary and final injunctive relief ordering defendants to cease and desist in their illegal business and to abate this nuisance;

B. AWARD plaintiff all damages against defendants, jointly and severally, to which it is entitled;

C. AWARD plaintiff a trebling of damages against defendants, jointly and severally, to which it is entitled;

D. ORDER all other legal or equitable relief to which plaintiff may be entitled under the circumstances, including costs, interest, and reasonable attorney's fees.

## COUNT III (RICO CONSPIRACY IN VIOLATION OF 18 USC SECTION 1962)

32. Plaintiff repeats herein paragraphs 1 - 31 as fully set forth herein.

33. Defendants actions have violated 18 USC Section 1962(d), by conspiring to violate 18 USC Section 1962(a)[Income derived from a pattern of racketeering activity], (b)[Acquire or maintain any interest or control of Uppercut and RYL from a pattern of racketeering activity], (c)[Conduct or participate in the conduct of Uppercut/RYL's affairs thru a pattern of racketeering activity]; constituting a RICO conspiracy.

34. As a direct and proximate result of defendants' RICO conspiracy, plaintiff suffered a loss and has been damaged as hereinbefore set forth.

WHEREFORE, plaintiff claims judgment against defendants as hereinbefore set forth.

## COUNT IV (CIVIL CONSPIRACY)

35. Plaintiff repeats herein paragraphs 1 - 34 as fully set forth herein.

36. Defendants actions as hereinbefore set forth, by concerted action and agreement, accomplished an unlawful end, or a lawful end by unlawful means, constituting a civil conspiracy.

37. As a direct and proximate result of defendants' civil conspiracy, plaintiff has suffered a loss and been damaged as hereinbefore set forth.

WHEREFORE, plaintiff claims judgment against defendants as hereinbefore set forth.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

Respectfully submitted,

Dated:   11/23/2020

ALEXANDER V. LYZOHUB (P34422)
14700 Farmington Rd., Ste 101
Livonia, MI 48154
(734) 427-5555
lyzohubsecretary@yahoo.com

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN GOLDEN INVESTMENTS, LLC,
A Michigan Limited Liability Company,

                Plaintiff,

V.                                            Case No. 20
                                            Hon.

UPPERCUT BROS, LLC, A Michigan Limited Company,
ABBAS BAZZY, an Individual, RY LANDSCAPING LLC,
a Michigan Limited Liability Company,
and RANDY YOUHAN, an Individual,
jointly and severally,

                                         **JURY DEMAND**

                Defendants.

---

ALEXANDER V. LYZOHUB (P34422)
14700 Farmington Rd., Ste 101
Livonia, MI 48154
(734) 427-5555
lyzohubsecretary@yahoo.com

---

## DEMAND FOR TRIAL BY JURY IS HEREBY MADE BY PLAINTIFF.

                                          Respectfully submitted,

Dated:  11/23/2020

                                          ALEXANDER V. LYZOHUB (P34422)
                                          Attorney for Plaintiff
                                          14700 Farmington Rd., Ste 101
                                          Livonia, MI 48154
                                          (734) 427-5555
                                          lyzohubsecretary@yahoo.com

11