UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN GOLDEN
INVESTMENTS, LLC,

       Plaintiff,

v.

UPPERCUT BROS, LLC, *et al.*,

       Defendants.

Case No. 2:20-cv-13115
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOVANTS' MOTION TO INTERVENE (ECF No. 15)

This matter came before the Court for consideration of the motion to intervene filed by Hussein Hammoud and MH Property Holdings, LLC (Movants) (ECF No. 15) and Plaintiff's response in opposition (ECF No. 18). Judge Borman referred this motion to me for a hearing and determination. (ECF No. 34.) As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on August 27, 2021, at which counsel for Plaintiff and Movants appeared, and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Movants' motion to intervene (ECF No. 15) is **GRANTED IN PART** and **DENIED IN PART** as follows. The Court

**DENIES** Movants' request to intervene as of right under Fed. R. Civ. P. 24(a). Although the Court finds that the motion was timely filed, Movants claim an interest relating to the subject of the action, and disposing of the action may impair or impede Movants' ability to protect that interest, Movants have made no showing that the existing parties inadequately represent that interest. *See* Fed. R. Civ. P. 24(a)(2). In fact, the Court concludes that their interest *is* adequately protected.

The Court **GRANTS** Movants' request, however, for permissive intervention under Fed. R. Civ. P. 24(b). The Court has broad discretion to permit intervention under Fed. R. Civ. P. 24(b). *Sackman v. Liggett Group, Inc.*, 167 F.R.D. 6, 22 (E.D. NY 1996). Again, the Court finds as a threshold matter that the instant motion was timely filed. Further, accepting Movants' well-pleaded allegations as true without considering the merits, *id.* at 20 (and citations therein), the Court finds that Movants may intervene here because the affirmative defenses asserted by Defendants align with the arguments Movants seek to make – namely that release, *res judicata*, and a prior settlement agreement ("Settlement Agreement") preclude this action. (ECF No. 15, PageID.65-67, 107-112, 129-131.) *See* Fed. R. Civ. P. 24(b)(1)(B). Further, Movants' perspective, and their interest in and knowledge of these defenses may be helpful to the Court in deciding this matter.

However, the Court finds that Movants are judicially estopped from filing a complaint or counterclaim in this Court requesting a permanent injunction or for breach of contract, or from adding Hassan Hammoud as an individual party to this action in relation to or alleging a breach of the Settlement Agreement. This is so because the final paragraph of the subject Settlement Agreement states that jurisdiction and venue for disputes related to the Settlement Agreement shall be in Wayne County, Michigan (ECF No. 15, PageID.111, ¶ 15), and Movants assert in the instant motion – in which they have largely prevailed by being permitted to intervene – that this refers to the "exclusive jurisdiction" of the Wayne County Circuit Court. (ECF No. 15, PageID.65-66, 129-130, ¶¶ 9(a) & (f).) Movants may not have it both ways, asserting that Plaintiff may only pursue claims under the Settlement Agreement in the Wayne County Circuit Court, while they may pursue such claims in federal court. And this also means that they have an adequate remedy elsewhere. *See Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293-94 (6th Cir. 1983) (intervention denied because applicants could protect their interests by filing objections in bankruptcy court). Thus, while Movants may have an interest in asserting *defenses* in the instant matter, they may not assert the *claims* they propose. Instead, based on this Court's authority to arrange, align or realign

parties when necessary,[1] by **Friday, September 10, 2021**, Movants are entitled to intervene as "Intervening Defendants," and file an answer to the complaint along with affirmative defenses, limited to the defenses of prior settlement, release, *res judicata* and estoppel – consistent with what they asserted in this motion regarding the Settlement Agreement's preclusive effect – and with the defenses asserted by Defendants regarding Plaintiff's authority to proceed with this action or a derivative action. (*See* ECF No. 15, PageID.124-125; ECF No. 27, PageID.322, Affirmative Defenses ¶¶ 18- 21; ECF No. 39, PageID.355.)[2]

Movants are cautioned that, before filing such pleadings, they should consider whether they can make such allegations and assertions in good faith under Fed. R. Civ. P. 11. The Court is <u>not</u> requiring Plaintiff to file a reply to these affirmative defenses. Fed. R. Civ. 7(a)(7).[3]

---

[1] *See Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 159-60 (3d Cir. 1995) and 3 *Moore's Federal Practice*, § 24.22[2] (and citations therein).

[2] The Undersigned recognizes that this party title and the scope of defenses being permitted here are somewhat broader than what I announced from the bench, but these adjustments have been made upon further reflection as to how all of this fits together.

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: August 30, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE