UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN GOLDEN
INVESTMENTS, LLC,

        Plaintiff,

v.

UPPERCUT BROS, LLC, *et al.*,

        Defendants.

Case No. 20-cv-13115

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

## ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (ECF No. 51)

### Background

On March 27, 2023, Plaintiff Dearborn Golden Investments, LLC ("DGI") filed a Motion to Dismiss This Case Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 51.)

On April 17, Defendants Abbas Bazzy and Uppercut Bros, LLC filed a Response, in which they argued that "this case must be dismissed with prejudice" and "request[ed] that this Court . . . award them their costs [and] attorney [fees]" in the amount of $20,000. (ECF No. 52, PageID 632, 641.)

On April 30, DGI filed a Reply. (ECF No. 644.)

1

## Discussion

**A. The Court GRANTS DGI's Motion to Dismiss Without Prejudice under Federal Rule of Civil Procedure 41(a), with a condition.**

Federal Rule of Civil Procedure 41(a)(2) states: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

"A district court's decisions with respect to a motion for voluntary dismissal under Rule 41(a)(2) are reviewed for abuse of discretion." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendants, from unfair treatment." *Id.*

"Generally, an abuse of discretion is found only where the defendant[s] would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (internal quotation marks omitted). "In determining whether such prejudice would result, courts typically consider the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (internal quotation marks omitted); *see also N. Am. Specialty Ins. Co. v. Titan Retail Dev. Indus., LLC*, No. 20-10539,

2

2021 WL 6284436, at *2 (E.D. Mich. Nov. 22, 2021) (setting out the same standard), *report and recommendation adopted by* 2022 WL 54542 (Jan. 5, 2022). But "[t]he Court does not need to resolve every factor in Plaintiff['s] favor to conclude that dismissal without prejudice is warranted"; "[t]he factors are more of a guide and discretion ultimately rests with th[e] Court." *Univ. Ests., Inc. v. City of Athens, Ohio*, No. 09-cv-758, 2011 WL 1897444, at *1 (S.D. Ohio May 18, 2011).

Additionally, "[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant[s] may suffer from a dismissal without prejudice." *Bridgeport Music, Inc.*, 583 F.3d at 954.

This Court, examining the aforementioned factors, finds that: 1) Defendants have expended some, but not an overwhelming amount of, effort and expense on this case; 2) Plaintiff DGI has lacked diligence in prosecuting the case; 3) DGI has not sufficiently explained its need to take a dismissal; and 4) Defendants have not filed a motion for summary judgment. Balancing these factors, the Court finds that it is appropriate to dismiss this case without prejudice but with an added condition.

*1. Defendants have expended some effort and expense on this case.*

Defendants have put some effort into this case. Early in the case, Defendants Ry Landscaping LLC and Randy Youhan filed an Answer to DGI's Complaint (ECF No. 26), and Bazzy and Uppercut briefed a Motion to Set Aside Default (ECF No. 20), which was conditionally granted (ECF No. 37). Bazzy and Uppercut also

3

briefed a Motion to Dismiss (ECF No 39), which the Court converted into a motion for summary judgment and then denied (ECF No. 46). After that, Bazzy and Uppercut filed an Answer to DGI's Complaint. (ECF No. 47.) Further, DGI, Bazzy, and Uppercut all agree that Bazzy and Uppercut served "extensive discovery requests" on DGI toward "the beginning of this case." (ECF No. 52, PageID 641; ECF No. 53, PageID 648.)[1]

But DGI, Bazzy, and Uppercut also all agree that DGI never responded to these discovery requests, nor served requests on any of the defendants, nor engaged in further discovery. Thus, Defendants' effort and expense has been limited—though not negligible.

*2. DGI has lacked diligence in prosecuting this case.*

On December 17, 2021, the Court entered a Scheduling Order that set a Fact Discovery Cutoff of November 30, 2022 and a Dispositive Motions Cutoff of February 28, 2023. (ECF No. 50.)

DGI states that "all parties were aware of [a] ongoing real property bidding war [over the properties at issue in this case] between [] DGI members which precipitated the action divesting DGI's continued ownership in these properties. Consequently,

---

[1] Bazzy and Uppercut also discuss their efforts on a previously dismissed case and a case that they filed in state court (which was removed to this Court and then remanded). (ECF No. 52, PageID 641.) But those cases are not this one; they hold only minimal relevance here.

4

this caused the parties to hold off on the need to respond to discovery, request additional discovery, and or to seek enforcement of discovery." (ECF No. 53, PageID 648.) But DGI did not communicate this to the Court nor file a motion for an extension of the deadlines set out in the Scheduling Order. So the discovery deadlines came and went.

The Court also notes, however, that Defendants never asked for any extensions either, even as the summary judgment deadline passed. Nor did Defendants file a motion to compel DGI to comply with their discovery requests.

*3. DGI has not sufficiently explained the need to take a dismissal.*

In its Motion to Dismiss, DGI notes that "[t]his is a derivative action filed by a minority member," namely, Hassan Hammoud, "on behalf of the plaintiff DGI pursuant to MCL § 450.4510. This case involved real property owned by DGI located at 6550 and 6650 Chase Road, Dearborn, Michigan 48126." (ECF No. 51, PageID 611.) DGI relays that "MCL 450.4510 provides:"

> **450.4510 Commencement and maintenance of civil suit by company; conditions.**
>
> Sec. 510 A member may commence and maintain a civil suit in the right of a limited liability company if all of the following conditions are met:
>
> . . .
>
> (f) The plaintiff continues to be a member until the time of judgment, unless the failure to continue to be a member is the result of action by the limited liability company in which the former member did not

>acquiesce and the demand was made before the termination of the former member's status as a member.

(ECF No. 51, PageID 611–12.) And then it argues: "While Hassan Hammoud . . . was eligible and did comply with MCL 450.4510 for purposes of commencing the instant action in the name of [] DGI, the statutory condition that he '… continues to be a member until the time of judgment, …' cannot be maintained since the subject properties owned by DGI were sold to a third party." (ECF No. 51, PageID 612.) Thus, it reasons, attaching the Warranty Deeds transferring the properties to their new owner, "Hassan Hammoud . . . no longer has standing to proceed." (ECF No. 51, PageID 612.) DGI further states that it requests a dismissal without prejudice "[i]n an effort to take the proper direction with this litigation and not effect or waive any rights to the new owner." (ECF No. 51, PageID 613.)

Bazzy and Uppercut respond that "Hassan is still a member of DGI and therefore [MCL 450.4510(f)] is inapplicable." (ECF No. 52, PageID 639.)

DGI replies, "[f]or clarification purposes," that "DGI no longer has standing to continue this lawsuit because it no longer has a property interest in the properties DGI leased to defendants whom were conducting an illegal marijuana manufacturing business. It is thus impossible for any member of DGI to continue the lawsuit in the name of DGI." (ECF No. 53, PageID 646.) DGI continues:

>Defendants reference to Hassan Hammoud's membership interest is irrelevant. Hassan Hammoud did not demand to DGI that he continued his lawsuit interest before termination of DGI's interest in the

6

> properties. Please see MCL 450.4510(f). DGI divested its ownership interest due to a collateral lawsuit filed in Wayne County Circuit Court on August 4, 2021. *Hussein Hammoud v. Dearborn Golden Investments, LLC*, State of Michigan, Wayne County Circuit Court Case Number 21-009557-CB, which transfer of interest was demonstrated by the Deeds attached to movant's motion to dismiss.

(ECF No. 53, PageID 647.)

The Court cannot make sense of DGI's argument and finds that DGI has not sufficiently explained the need to take a dismissal. MCL 450.4510(f) appears to be irrelevant here, because Hassan, as far as the record shows, is still a member of DGI. Moreover, DGI's Complaint asks not only for prospective relief, but also for damages; and DGI does not allege that it assigned its past litigation rights to the new owner of the subject properties. So it is not clear that DGI no longer has standing to sue for *past damages* it allegedly accrued while it owned the properties. And to the extent that the new owner wishes to sue for prospective relief, or for damages that it has accrued *since* taking ownership of the properties, dismissal of this case—which involves claims that accrued before the new owner acquired the properties, to which the new owner is not a party, and in which the merits issues have not been actually litigated—with prejudice would not prevent the new owner from doing so. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955); *Nguyen ex rel. U.S. v. City of Cleveland*, 534 F. App'x 445 (6th Cir. 2013); *Stemler v. Florence*, 350 F.3d 578 (6th Cir. 2003).

*4. Defendants have not filed a motion for summary judgment.*

As indicated above, the parties did not engage in meaningful discovery, and Defendants never filed motions for summary judgment.[2]

\*

In light of these considerations, the Court will grant DGI's Motion with a condition. The Court reiterates that DGI has failed to diligently prosecute this case and failed to offer a satisfactory reason for it to dismiss the case now. But the Court does not believe that Defendants will suffer "plain legal prejudice" from a dismissal without prejudice, given that they engaged in little discovery practice and produced no summary judgment briefing. Furthermore, to protect Defendants' interests, the Court "will prohibit [both DGI and Hassan Hammoud] from again suing [them] on these same claims [*or* any other claims that arise from past or future issues relating to the subject properties] without first paying [Defendants] the reasonable attorneys' fees and costs [they] ha[ve] incurred in the instant case." *Yetman v. CSX Transp., Inc.*, No. 08-1130, 2009 WL 35351, at \*4 (W.D. Mich. Jan. 6, 2009) ("This middle course is equitable because it adequately protects the rights and interests of both parties.").

---

[2] As the Court explained in its denial of Bazzy and Uppercut's Motion to Dismiss, "[a]lthough th[e] Court [] chose[] to *convert* [their] Motion . . . into a motion for summary judgment," Bazzy and Uppercut "did not *file* a motion for summary judgment." (ECF No. 46, PageID 555–56.)

8

Because the Court has imposed this condition, DGI (but not Defendants) "**MAY** withdraw [its] motion for voluntary dismissal" within **fourteen days** of the entry of this Order. *Id.* at *5 (citing *Kienitz v. Met. Life Ins. Co.*, 131 F.R.D. 106, 107 (E.D. Mich. 1990)). If DGI does not do so, then this Order will take effect on **September 15, 2023**, and this case will be dismissed without prejudice, on the condition explained above.

**B. The Court DENIES Bazzy and Uppercut's request for attorney's fees.**

Bazzy and Uppercut also argue that they are entitled to attorney's fees. They contend:

> This Court should exercise its discretion and award Defendants costs and attorney fees of $20,000. Defendants[] were forced to file a motion to dismiss, an answer in this case, extensive discovery, a motion to remand back to state court an unrelated case which Plaintiff wrongfully removed, and now this response. The aforementioned filings were as a result of Hassan bringing this case for a second time. The Old Case was in addition to another case Hassan filed in Wayne County years ago. The bottom line, Hassan won't stop. This Court needs to send him a message by making him pay Defendants costs and attorney fees of $20,000 in addition to granting the Motion but with prejudice.

(ECF No. 52, PageID 641–42.)

The Court will reject this argument for two reasons. First, Bazzy and Uppercut have not justified their request for $20,000. Indeed, they admit that this number includes their work on *other*, albeit related, cases. Further, they were not "forced" to file a motion to dismiss in this case—to the contrary, the Court found that motion

9

unavailing. And even if they sent "extensive" discovery *requests*, that is just a first step and does not constitute "extensive discovery."

Second, the Court believes that the refiling condition instituted above adequately addresses Bazzy and Uppercut's concern that "Hassan won't stop."

## Conclusion

For the reasons listed above, the Court will **DISMISS** this case **WITHOUT PREJUDICE**—subject to the condition that the Court "will prohibit [both DGI and Hassan Hammoud] from again suing [Defendants] on these same claims [*or* any other claims that arise from past or future issues relating to the subject properties] without first paying [Defendants] the reasonable attorneys' fees and costs [they] ha[ve] incurred in the instant case"—unless DGI withdraws its motion within fourteen days.

**IT IS SO ORDERED.**

Dated: September 1, 2023

s/Paul D. Borman
Paul D. Borman
United States District Judge